## Zawid v. Elkins & Co.

*David C. Harrison,* for plaintiff.
*David M. Doret,* for defendant.

LORD, J., October 26, 1982—This is an action by plaintiffs against their stockbroker and his principal for damages in connection with dealing in certain options.

Defendants have raised preliminary objections to the complaint which is divided into three causes of action. The preliminary objections are as follows:

(1) These proceedings should be stayed because the matter should be submitted to arbitration under the customer agreement.

(2) Count III fails to state a cause of action since the Pennsylvania Security Act of 1972 (80 P.S.

§101) §1-501 does not afford a private cause of action against a broker.

(3) The claims in Count III are barred by the statute of limitations §1-504(a) of the Pennsylvania Securities Act.

(4) Plaintiffs' claim for "emotional distress and mental anguish" in Count I fails to state a cause of action.

(5) Plaintiffs' claim for punitive damages under Count II is not proper.

The argument that the action is barred by the statute of limitations can be disposed of summarily (3 above). The last day for filing a complaint was January 23, 1982. That fell on Saturday and so the complaint was filed timely on Monday, January 25, 1982.

The court now turns to defendants' preliminary objection, number two above. We reluctantly find that defendant is correct in the argument that the Pennsylvania Securities Act of 1972 (70 P.S. §1-101 et seq.) does not afford a private cause of action against a broker. Although section 1-501 provides for rights of action by buyers against sellers and vice versa, it does not provide for actions against brokers who, as in this case, are trading on the accounts of others and thus are neither buyers or sellers subject to civil suit under the act.[1] Biggins v. Bache, Hal-

---

1. In this regard, we note the allure of plaintiffs' argument that in the everyday world of securities transactions, "buying and selling" is done by brokers who should thus be subject to the suit under Section 1-501. While we agree that excluding brokers, trading on customer accounts from the provisions of §1-501 somewhat eviscerates the act, we are constrained to reject this interpretation as brokers simply are not buyers or sellers. Any efforts to include brokers trading on customer accounts within Section 1-501 must be directed at the legislature. If the question was should the act afford a remedy,

sey, Stuart, 638 F.2d 605 (1980). We therefore sustain defendants' preliminary objections to Count III of the complaint.

As to defendants' argument that this suit must be stayed pending arbitration pursuant to the arbitration clause in the customer agreement, we find that the remaining claims set forth in the complaint are subject to the clause and that the dispute must be submitted to arbitration pursuant to the clause. We therefore order that this matter be stayed pending arbitration.[2]

---

we would answer in the affirmative. But the question is does it create a cause of action and we are compelled to say it does not.

2. We note the validity of the arbitration clause would be subject to serious question if plaintiff were able to set out a cause of action under the Pennsylvania Securities Act. Wilko v. Swan, 346 U.S. 427 (1953). However, as that claim has been dismissed, we see no impediment to enforcement of the clause.